UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alfred Flowers,

          Plaintiff,

v.

City of Minneapolis, Minnesota,
Don Samuels, in his individual and
official capacities, Paul Ostrow,
in his individual and official capacities,

          Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 05-2349 ADM/JSM

_____

Jill Clark, Esq., Jill Clark P.A., Golden Valley, MN, argued on behalf of Plaintiff.

James Anthony Moore, Assistant City Attorney, Minneapolis, MN, argued on behalf of Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendants Don Samuels ("Samuels") and Paul Ostrow's ("Ostrow") (collectively, the "Defendants") Motion for a New Trial [Docket No. 81] and Plaintiff Alfred Flowers's ("Flowers") Motions for Attorney's Fees and Costs [Docket Nos. 86, 87]. For the reasons set forth below, Defendants' Motion for a New Trial is denied, and Flowers's Motions for Attorney's Fees and Costs are granted.

## II. BACKGROUND

Flowers brought this action alleging that Minneapolis City Council members Samuels and Ostrow, and Gail Plewacki ("Plewacki"), a City employee, retaliated against him by causing him to be suspended for comments criticizing Samuels made on a 2005 Minneapolis Television Network ("MTN") show that Flowers hosted and produced. Compl. [Docket No. 1]. Flowers asserted First Amendment retaliation claims under 42 U.S.C. § 1983 against the Defendants and

Plewacki, and against the City of Minneapolis under a Monell[1] theory of liability. Flowers asserted a separate § 1983 claim alleging that Samuels retaliated against him on two other occasions by filing police reports and a charge of discrimination. Flowers also alleged state-law claims against Samuels for defamation and malicious prosecution.

After all the defendants named in the Complaint filed a Motion for Summary Judgment and filed their supporting memorandum, Flowers voluntarily dismissed his defamation and malicious prosecution claims, and he dismissed Plewacki as a defendant. Pl.'s Opp'n to Defs.' Mot. for Summ. J. [Docket No. 23] at 22 n.6, 32. On September 6, 2007, this Court granted the Motion for Summary Judgment on the § 1983 claims against the City of Minneapolis and on the § 1983 claims against Samuels that were premised on the police reports and the charge of discrimination. Order [Docket No. 29]. The Court denied summary judgment on Flowers's § 1983 claims against Ostrow and Samuels that stemmed from Flowers's suspension from MTN.

From November 26 through November 30, 2007, this Court presided at the jury trial on Flowers's suspension-related § 1983 claims against the Defendants. In a pretrial ruling, the Court held that the speech on Flowers's show was protected as a matter of law by the First Amendment. The jury found that the Defendants induced MTN to suspend Flowers because of the speech on Flowers's show. Special Verdict Form [Docket No. 75]. The jury awarded Flowers one dollar in compensatory damages and a total of two dollars in punitive damages. Id.

### III. DISCUSSION

A.   **The Defendants' Motion for a New Trial**

Federal Rule of Civil Procedure 59(a)(1)(A) states that a "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A motion for new trial will be

---

[1] Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978).

granted when a miscarriage of justice occurred in the first trial." Larson v. Farmers Co-op Elevator of Buffalo Center, Iowa, 211 F.3d 1089, 1095 (8th Cir. 2000).

The Defendants seek to revisit the Court's pretrial ruling that the comments for which Flowers was suspended are protected by the First Amendment. The Defendants repeat their argument that the comments on Flowers's show are not protected by the First Amendment because they are fighting words or true threats. However, after reviewing the relevant case law regarding true threats and fighting words, see, e.g., Doe v. Pulaski County Special School District, 306 F.3d 616 (8th Cir. 2002), the Court again finds that the speech on Flowers's show is protected as a matter of law by the First Amendment. The Court also rejects the Defendants' alternative qualified-immunity argument for the reasons stated in the September 6, 2007, Order. The Defendants' Motion for a New Trial is denied.

**B.     Motions for Attorney's Fees and Costs**

42 U.S.C. § 1988(b) allows a prevailing party in a § 1983 action recovery of "a reasonable attorney's fee as part of the costs." "[A] plaintiff who wins nominal damages is a prevailing party under § 1988." Farrar v. Hobby, 506 U.S. 103, 112 (1992). The Defendants do not dispute that Flowers is a prevailing party. Therefore, the only issue before the Court is the determination of a reasonable attorney's fee and costs.

Flowers requests $55,315 for 240.5 hours that his attorney worked on this matter. Clark Decl. [Docket No. 90] Ex. A.[2] He also requests $12,808.05 for other litigation costs. Id. Ex. B. The Defendants argue that the Court should not award attorney's fees to Flowers because Flowers did not prevail on some of his claims, and because Flowers recovered only $3 in compensatory and punitive damages.

---

[2] Flowers's attorney states in her declaration that her total attorney's fees were $51,037. Clark Decl. ¶ 2. However, her billing records state a total attorney's fee of $55,315. Id. Ex. A.

3

The Supreme Court has listed factors that courts can weigh to determine whether requested attorney's fees are reasonable or should be adjusted downward: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Among other factors courts consider are "the significance of the legal issue on which the plaintiff prevailed, and the public purpose served." Farrar, 506 U.S. at 122 (O'Connor, J., concurring), cited in Jones v. Lockhart, 29 F.3d 422, 423-24 (8th Cir. 1994). It is unnecessary for the Court to explicitly examine all of these factors in determining the reasonable attorney's fee. Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999).

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). The Defendants do not challenge the hourly rates or the number of hours billed by Flowers's attorney. Defs.' Mem. in Opp'n to Pl.'s Mots. for Attorney's Fees [Docket No. 92] at 8. Based on the files, records, and proceedings herein, it appears that 240.5 work hours on this litigation at an hourly rate of $230 per hour for an attorney's fee of $55,315 is a reasonable lodestar calculation for the starting point of analysis.

"Adjustments to [lodestar calculation] may be made as necessary in the particular case." Blum, 465 U.S. at 888. "The most critical factor [in determining a reasonable attorney's fee] is

4

the degree of success obtained." Hensley, 461 U.S. at 436. The Supreme Court in Farrar stated that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." 506 U.S. at 115. However, "there is no precise rule or formula for making [attorney's fees] determinations." Arneson v. Callahan, 128 F.3d 1243, 1249 (8th Cir. 1997) (quoting Hensley, 461 U.S. at 436). The Eighth Circuit in Jones v. Lockhart held that an attorney's fee award of $10,000 was reasonable where the plaintiff was awarded $1 in compensatory damages and $1 in punitive damages on an excessive-force claim. 29 F.3d at 424. The Jones court emphasized that the punitive damages award demonstrated that "Jones's victory, though minimally compensated, was not pyrrhic or technical." Id. However, the Sixth Circuit has held that a district court's denial of attorney's fees was not an abuse of discretion where a jury awarded the plaintiff $1 in compensatory damages and $1 in punitive damages on his unlawful-search claims. Crambit v. Fikse, 33 F.3d 633, 634 (6th Cir. 1994).

After considering the factors discussed in Hensley and Farrar, the Court finds Flowers is entitled a reduced attorney's fee because of the minimal success on his claims. Most of Flowers's claims were dismissed at the summary judgment stage. On his lone remaining claim, the jury found liability but awarded only $3 in compensatory and punitive damages. This amount pales in comparison to the "[j]udgment in a reasonable amount in excess of $50,000" that Flowers sought in his Complaint, and to the $110,000 that Flowers demanded at the pretrial settlement conference. Compl. at 17; Moore Aff. [Docket No. 93] ¶ 2. Based on the dismissal of Flowers's unsuccessful claims and the limited relief Flowers obtained, the Court finds that $15,000 is an appropriate attorney's fee.

Flowers also requests $12,808.05 in other litigation costs. Clark Decl. Ex. B. Flowers lists $10,340 for 220 hours that a paralegal spent transcribing three tapes at a rate of $47 per

hour.  Id.  The record reflects that the paralegal devoted 40 hours to transcribe an MTN television show, 120 hours to transcribe a recording Flowers made of a conversation with MTN's executive director, and 60 hours to transcribe the MTN grievance hearing.  Mayes Decl. [Docket No. 91] ¶ 3.  The Defendants argue the tapes of the MTN television show and grievance hearing were sufficiently audible for Flowers to use a court reporter at lesser cost.  Defs.' Opp'n to Pl.'s Mot. for Attorney's Fees at 9; Moore Aff. [Docket No. 93] ¶ 3.  The Defendants also aver that the 120 hours the paralegal devoted to transcribing Flowers's recording is excessive. After reviewing the record, the Court finds Flowers's transcription costs are excessive. Accordingly, the Court awards Flowers $4,200 for his transcription costs.

      Flowers also lists $2,058.05 for the depositions of Tarek Ali Bagdadi ("Bagdadi"), Paul Ostrow, Gail Plewacki, Minneapolis Mayor R.T. Ryback ("Ryback"), and Don Samuels.  Clark Decl. Exs. C-G.  The Defendants argue Flowers should not be awarded the costs of the Bagdadi, Plewacki, and Ryback depositions because they were not used at trial.  However, "even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'"  Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (quoting Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995) (per curiam)).  After reviewing the record, the Court awards Flowers his requested costs for the Bagdadi, Ostrow, Plewacki, and Samuels depositions because they were arguably relevant to the § 1983 claim that went to trial. However, the Court will not award costs to Flowers for the Ryback deposition, which Flowers has not cited in any of his submissions to the Court.  Accordingly, the Court awards Flowers $1,678 in costs for depositions.  The Defendants have not objected to the remaining $1,410 in costs that Flowers lists.  The Court awards Flowers $1,410 for those costs.  In total, the Court awards Flowers $7,288 in litigation costs.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Don Samuels and Paul Ostrow's Motion for a New Trial [Docket No. 81] is **DENIED**;

2. Plaintiff Alfred Flowers's Motions for Attorney's Fees and Costs [Docket Nos. 86-87] are **GRANTED**;

3. Plaintiff is awarded $15,000.00 for his attorney's fees; and

4. Plaintiff is awarded $7,288.00 for his other litigation costs.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 7, 2008.